UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLLENE M. PLACIDE-EDWARDS,<br><br>Plaintiff,<br>v.<br><br>U.S. BANK TRUST COMPANY et al.,<br><br>Defendants. | CASE NO. 2:26-cv-04501-LK<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF WITHOUT PREJUDICE; GRANTING IN PART AND DENYING IN PART STIPULATED MOTION |

This matter comes before the Court on Plaintiff Carllene Placide-Edwards' two motions titled "Emergency Motion for Preliminary Injunction Temporary Restraining Order Enjoining the Foreclosure Trustee Sale," Dkt. Nos. 10, 14, and the parties' stipulation regarding those motions, Dkt. No. 13.

The Court denies without prejudice both motions for an injunction because they rely on "Superior Court Civil Rule (CR) 65" for the injunction standard, Dkt. No. 14 at 1, but Federal Rule of Civil Procedure 65 applies because this case is pending in federal court. Moreover, now that the parties have agreed that the foreclosure trustee sale will be postponed for at least 60 days, Dkt. No. 13 at 2, "emergency" relief is unwarranted. Ms. Placide-Edwards may refile her motion by

November 30, 2026 as a motion for a preliminary injunction, applying Federal Rule of Civil Procedure 65.

Assuming that Ms. Placide-Edwards will file a proper motion, the Court grants the parties' stipulated motion in part and orders that pursuant to the parties' agreement, the "subject Foreclosure Trustee Sale will be voluntarily postponed for at least 60 days to January 29, 2027 or later, and any future issuance of a new Notice of Trustee Sale will comply with the Washington State statutory requirements." Dkt. No. 13 at 2. However, the Court denies the remainder of the stipulated motion without prejudice because there is no operative motion, and the parties' proposal to have Defendants file their response to any such motion by January 25, 2027 would leave the Court insufficient time to receive a reply brief and rule on the motion before the potential new Trustee Sale date of "January 29, 2027 or later[.]" *Id.* The parties are advised that the Court is currently dealing with an unprecedented volume of time-sensitive immigration habeas petitions; if the parties plan to give themselves 60 days to brief the motion, they must provide the Court at least one month to adjudicate the motion.

Dated this 24th day of November, 2026.

Lauren King
United States District Judge